IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,965-01






EX PARTE TERRY WELDON ANDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13,786-93 IN THE 114
TH DISTRICT COURT


FROM WOOD COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
murder and sentenced to life imprisonment and a five thousand dollar fine. The Twelfth Court
of Appeals dismissed Applicant's appeal for want of prosecution. Anderson v. State, No. 12-93-00312-CR (Tex. App.-Tyler, delivered June 29, 1994).

 Applicant contends that his counsel rendered ineffective assistance because counsel
abandoned his appeal and failed to respond to the Twelfth Court of Appeals' notification to
submit information before Applicant's appeal was dismissed. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court shall provide counsel with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right
to a meaningful appeal because Applicant's counsel abandoned his appeal. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. Any extensions of time shall be obtained from this Court. 

Filed: January 23, 2008

Do not publish